| | |
|---|---|
| 1 | Alisha C. Burgin, Bar No. 286269 |
| 2 | ABurgin@perkinscoie.com<br>**PERKINS COIE LLP** |
| 3 | 1888 Century Park East, Suite 1700<br>Los Angeles, CA 90067-1721 |
| 4 | Tel: 310.788.9900<br>Fax: 310.788.3399 |
| 5 | Nicola C. Menaldo |
| 6 | (*pro hac vice forthcoming*)<br>NMenaldo@perkinscoie.com |
| 7 | **PERKINS COIE LLP**<br>1201 Third Avenue, Suite 4900 |
| 8 | Seattle, WA 98101-3099<br>Tel: 206.359.8000 |
| 9 | Fax: 206.359.9000 |
| 10 | Mikella M. Hurley<br>(*pro hac vice forthcoming*) |
| 11 | MHurley@perkinscoie.com<br>**PERKINS COIE LLP** |
| 12 | 700 13th Street, NW<br>Washington, DC 20005-3960 |
| 13 | Tel: 202.654.6200<br>Fax: 202.654.6211 |
| 14 | Attorneys for Defendant |
| 15 | Fortune Brands Innovations Group Inc. |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA CANTU & MIGUEL ESPARZA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FORTUNE BRANDS INNOVATIONS GROUP, INC., a DELAWARE corporation d/b/a WWW.MOEN.COM<br><br>Defendant. | Case No. 2:25-CV-02989<br><br>**NOTICE OF FILING OF REMOVAL AND REMOVAL TO FEDERAL COURT**<br><br>[Removed from the Superior Court of the State of California for the County of Los Angeles, Case No. 25STCV05291]<br><br>Complaint Filed: February 25, 2025 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant Fortune Brands Innovations Group, Inc.[1] ("Fortune") hereby removes this civil action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, under 28 U.S.C. §§ 1332(a), 1332(d), 1441, 1446, and 1453. Fortune hereby provides a short and plain statement of the grounds for removal pursuant to 28 U.S.C. §1446(a).

By filing this notice, Fortune does not concede any allegation, assertion, claim, or demand for relief in the Complaint filed by Plaintiffs Tanya Cantu and Miguel Esparza ("Plaintiffs").

## BACKGROUND

1. On February 25, 2025, Plaintiffs Tanya Cantu & Miguel Esparza filed a putative class action complaint against Fortune in the Superior Court of the State of California for the County of Los Angeles, captioned *Tanya Cantu & Miguel Esparza, individually and on behalf of all others similarly situated v. Fortune Brands Innovations Group, Inc.*, Case No. 25STCV05291. A true and correct copy of the complaint is attached as Exhibit B (the "Complaint" or "Compl.").

2. The Complaint alleges that Fortune installed tracking software created by TikTok on Fortune's website that is capable of gathering detailed information about visitors to Fortune's website,[2] and then sharing it with unnamed third parties.[3] Compl. Intro., ¶¶ 6, 9.

3. The Complaint asserts a cause of action for violation of the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 638.51, which prohibits a

---

[1] Plaintiffs appear to have mistakenly named as defendant in this action a non-existent legal entity; the correct legal entity is Fortune Brands Innovations, Inc.

[2] Located at www.moen.com (the "Website").

[3] Fortune maintains that Plaintiffs' claims are without merit but restates the allegations here to provide an overview of Plaintiffs' Complaint.

-2-

"person" from "install[ing] or us[ing] … a trap and trace device without first obtaining a court order." *Id.* ¶¶ 25-32.

4. Plaintiffs purport to bring this action on behalf of themselves and a putative class, defined as "[a]ll California citizens who visited Defendant's Website while physically in California and whose personal information was shared with TikTok or other third parties by Defendant without effective and informed prior consent." *Id.* ¶ 19. Plaintiffs seek an order certifying the class and making all appropriate class management orders; statutory damages; reasonable attorneys' fees and costs; and all other relief that would be just and proper as a matter of law or equity, as determined by the Court. Compl. Prayer for Relief.

5. On March 6, 2025, Plaintiffs effected service of process of the summons and complaint on Fortune. *See* Exhibit A. Exhibits A-J to this Notice represent all documents filed in this matter in the Superior Court of the State of California, County of Los Angeles. *See* Exhibit J (copy of the Registry of Actions in this matter). No other "process, pleadings, [or] orders" have been served on Fortune. *See* 28 U.S.C. § 1446(a).

**REMOVAL IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT**

6. This action is removable under 28 U.S.C. § 1441(a) because this Court would have had original jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") if Plaintiffs had initially filed this action in federal court. *See* 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b) (setting procedure for removing class actions). CAFA gives federal courts original jurisdiction over putative class actions in which: (1) the aggregate number of members in the proposed class consists of at least 100 members; (2) the parties are minimally diverse, meaning "any member of a class of plaintiffs is a citizen of a State different from any defendant;" and (3) the aggregated amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(2), (d)(5)(B).

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

7. "[N]o antiremoval presumption attends cases invoking CAFA, in part because the statute was enacted to facilitate adjudication of certain class actions in federal court." *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 992–93 (9th Cir. 2022) (citation omitted).

8. Based on the allegations as pled in the Complaint, which must be taken as true for purposes of removal, and for the reasons set forth below, all requirements of CAFA are satisfied.

### *The Proposed Class Consists of at Least 100 Members*

9. CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). The Complaint includes "class action allegations," Compl. ¶ 19-24, and Plaintiffs bring this action "individually and on behalf of all others similarly situated," *id.* at ¶ 19. It is thus a putative class action for purposes of CAFA.

10. Plaintiffs purport to bring this action on behalf of "[a]ll California citizens who visited Defendant's Website while physically in California and whose personal information was shared with TikTok or other third parties by Defendant without effective and informed prior consent." *Id.* ¶ 19. Plaintiffs allege that they are unaware of the exact number of class members but "believe[] the number to be at least fifty." *Id*. ¶ 20.

11. Since March 2024, more than 1,000 unique individuals from California visited Fortune's Website. *See* Declaration of Eric Nebbia in Support of Notice of Removal ("Nebbia Decl.") ¶ 4. Because each of those individuals, according to Plaintiffs' allegations, falls within the definition of the class, the Complaint plausibly alleges a class of at least 100 members. *See Hull v. Mars Petcare US, Inc.*, 2018 WL 3583051, at *3 (C.D. Cal. July 25, 2018) (declaration explaining that

-4-

proposed class potentially includes 315 persons based on defendants' own records was sufficient evidence of class size for purposes of removal under CAFA).

### *Minimal Diversity Exists*

12. Diversity under CAFA exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). A corporation is deemed to be a citizen of every state "by which it has been incorporated and . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

13. Plaintiffs allege they are residents and citizens of California. Compl. ¶ 4. The putative class in this case is limited to persons residing in California. *Id.* ¶ 19.

14. Fortune is a Delaware corporation with its principal place of business in Deerfield, Illinois. *See* Nebbia Decl. ¶ 3. Fortune is thus a citizen of Delaware and Illinois.

15. Because all proposed class members are citizens of California, and Fortune—which is the only named defendant—is not a citizen of California, CAFA's minimal diversity requirement is satisfied. *See also*, 28 U.S.C. § 1453(b) (providing that, under CAFA, a putative class action may be removed to a district court "without regard to whether any defendant is a citizen of the State in which the action is brought").

### *The Amount in Controversy Exceeds $5,000,000*

16. To remove a case from state court, the defendant must plead only "a short and plain statement of the grounds for removal" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 788 (9th Cir. 2018). This standard is satisfied when it is "facially apparent" from the complaint that the

claims likely exceed $5,000,000. *Dart Cherokee Basin Operating Co.*, LLC, 574 U.S. at 89. It includes claims for monetary damages, restitution, penalties, attorneys' fees if recoverable by statute or contract, and punitive damages. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).

17. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). By the statements contained in this Notice of Removal, Fortune does not concede that Plaintiffs are entitled to any damages or other relief.

18. Here, Plaintiffs' Complaint plausibly alleges an amount in controversy in excess of $5,000,000, exclusive of interest and costs.

19. The Complaint seeks to certify a class of as "[a]ll California citizens who visited Defendant's Website while physically in California and whose personal information was shared with TikTok or other third parties by Defendant without effective and informed prior consent." Compl. ¶ 19. And Plaintiffs seek "reasonable attorney's fees and other litigation costs reasonably incurred." *Id*. Prayer for Relief.

20. The Complaint also seeks injunctive relief, the cost of which is included in the amount in controversy. *Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) ("The amount in controversy may include 'damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes.'") (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)).

21. Finally, CIPA provides for statutory damages of "[f]ive thousand dollars ($5,000) per violation." Cal. Penal Code § 637.2(a)(1). Since March 2024, more than 1,000 unique individuals from California have visited Fortune's Website. *See* Nebbia Decl. ¶ 4. Because each of those individuals, according to Plaintiffs'

1  allegations, could claim at least $5,000 per violation, the Complaint plausibly
2  alleges damages exceeding $5,000,000. *See, e.g., Adzhikosyan v. AT&T Corp.*, No.
3  221CV05997ODWMRWX, 2021 WL 5982604, at *4 (C.D. Cal. Dec. 17, 2021)
4  (Defendants "alleged that 'at least 1,001 calls were made to and/or received from
5  the Challenged Numbers by putative class members during the Class Period,' which
6  at a statutory amount of $5,000 per violation [under the CIPA], totals an amount in
7  controversy of at least $5,005,000.").

        22.    The Complaint thus satisfies the amount in controversy requirement. *See Fritsch*, 899 F.3d at 788 ("The notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold[.]") (citations omitted).

### *None of CAFA's Exceptions Bar Removal*

        23.    This action does not fall within the exclusions to removal jurisdiction described in 28 U.S.C. §§ 1332(d)(4), (d)(9), or 28 U.S.C. § 1453(d).

        24.    Section 1332(d)(4) provides that a district court shall not exercise CAFA jurisdiction over a class action in which, among other things: "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed" and "at least 1 defendant is a defendant . . . who is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A); *see also* 28 U.S.C. § 1332(d)(4)(B) (similarly excluding cases where "two thirds or more of" the class members and "the primary defendants, are citizens of the State in which the action was originally filed"). This exception does not apply here because Fortune is a citizen of Illinois and Delaware, not California.

        25.    Sections 1332(d)(9) and 1453(d) exempt certain securities and corporate governance cases from CAFA's broad jurisdictional grant. *See* 28 U.S.C. §§ 1332(d)(9), 1453(d) (limiting § 1332(d)(2) to cases arising under several

sections of the Securities Act of 1933, several sections of the Securities Exchange Act of 1934, and certain state corporate governance laws). Those provisions do not bar jurisdiction here because Plaintiffs' claims do not arise under the Securities Act of 1933 or the Securities Exchange Act of 1934, nor does they involve state centric corporate governance issues.

## REMOVAL IS PROPER UNDER DIVERSITY JURISDICTION

26. This action is also removable under 28 U.S.C. § 1441 because this Court would have original jurisdiction under 28 U.S.C. § 1332. Plaintiffs and Fortune are not citizens of the same state, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### *Complete Diversity Exists*

27. Plaintiffs are residents of California. Compl. ¶ 4.

28. Fortune is a Delaware corporation with its principal place of business in Deerfield, Illinois. *See* Nebbia Decl.¶ 3. For the purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State…by which it has been incorporated and of the State…where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). Fortune is therefore a citizen of Delaware and Illinois.

29. Complete diversity exists and removal is proper because Plaintiffs are citizens of California while Fortune is a citizen of Delaware and Illinois.

### *The Amount in Controversy Exceeds $75,000*

30. Plaintiffs do not assert a specific value for their claim on the face of the Complaint. However, the Court should conclude based on Plaintiffs' Complaint that Plaintiffs' claims involve an amount in controversy in excess of $75,000, exclusive of interest and costs.

31. Here, Plaintiffs filed a civil case seeking "statutory damages pursuant to CIPA; [r]easonable attorneys' fees and costs; and [a]ll other relief that would be

just and proper as a matter of law and equity, as determined by the Court." Compl. Prayer for Relief. CIPA provides for "[f]ive thousand dollars ($5,000) per violation" Cal. Penal Code § 637.2(a)(1). As explained above, since March 2024, more than 1,000 unique individuals from California have visited Fortune's Website. *See* Nebbia Decl. ¶ 4. Because each of those individuals, according to Plaintiffs' allegations, could claim at least $5,000 per violation, the Complaint plausibly alleges damages exceeding $5,000,000.

32.  And even if only this relief were to be granted, the amount in controversy would greatly exceed the jurisdictional requirement because (as explained above) reasonable attorneys' fees and costs could be added on top of the more than $5,000,000 already established. Fortune has therefore satisfied its burden to establish that the amount in controversy exceeds $75,000.

## PROCEDURAL STATEMENT

### *All Defendants Consent to Removal*

33.  Only Fortune has been named as a Defendant and served as of the filing of this Notice of Removal.

### *This Filing Is Timely*

34.  Plaintiffs served Fortune on March 6, 2025. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b) because Fortune filed it within 30 days after Fortune was served. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 47-48 (1999) (30-day removal period is not triggered until formal service); *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011).

### *Venue of Removed Action*

35.  Venue properly lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 84(a) and 1441(a), because this "district and division embrac[e]" Los Angeles County, where the Complaint was initially filed.

*Notice to the State Court and Plaintiff*

36. Pursuant to 28 U.S.C. § 1446(d), Fortune is filing a copy of this Notice of Removal with the Superior Court of the State of California, County of Los Angeles, where this case was originally filed, and providing written notice of this removal to Plaintiffs by serving Plaintiffs' counsel with a Notice of Removal.

*Pleadings in the State Court*

37. In accordance with 28 U.S.C. § 1446(a), copies of all processes, pleadings, minutes, and orders served upon Fortune in this action are attached as Exhibit A-J. A true and correct copy of the Los Angeles Superior Court docket for this action is attached as Exhibit J.

**NON-WAIVER OF DEFENSES**

38. Fortune expressly reserves all its defenses. By removing the action to this Court, Fortune does not waive any rights or defenses available under federal or state law. Nothing in this Notice of Removal should be taken as an admission that Plaintiffs' allegations are sufficient to state a claim or have any substantive merit. In addition, Fortune does not concede that Plaintiffs state any claim upon which relief can be granted, or that Plaintiffs or the putative class are entitled to any relief of any kind or nature. *See Lewis*, 627 F.3d at 400 ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."); *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (plaintiffs should not "conflat[e] the amount in controversy with the amount of damages actually recoverable"). If any questions arise as to the propriety of the removal of this action, Fortune respectfully requests the opportunity to submit additional papers and to present oral argument.

WHEREFORE, Fortune hereby removes the above-entitled case to this Court.

| | | |
|---|---|---|
| 1 | Dated: April 4, 2025 | **PERKINS COIE LLP** |
| 2 | | |
| 3 | | By: _[signature]_____ |
| 4 | | Alisha C. Burgin |
| 5 | | |
| 6 | | Attorneys for Defendant |
| 7 | | Fortune Brands Innovations Group, Inc. |

-11-

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT