# Exhibit B

1 | Todd M. Friedman (216752)
2 | Adrian R. Bacon (280332)
   | Law Offices of Todd M. Friedman, P.C.
3 | 21031 Ventura Blvd., Suite 340
   | Woodland Hills, CA 91364
4 | Phone: 323-306-4234
   | Fax: 866-633-0228
5 | tfriedman@toddflaw.com
   | abacon@toddflaw.com
6 | Attorneys for Plaintiffs

**Electronically FILED by
Superior Court of California,
County of Los Angeles
2/25/2025 2:41 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By G. Cordon, Deputy Clerk**

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES
## UNLIMITED JURISDICTION

| | |
|---|---|
| TANYA CANTU & MIGUEL ESPARZA, individually and on behalf of all others similarly situated, | Case No. 25STCV05291 |
| Plaintiffs, | |
| v. | **CLASS ACTION COMPLAINT FOR VIOLATION OF CALIFORNIA INVASION OF PRIVACY ACT** |
| FORTUNE BRANDS INNOVATIONS GROUP, INC., a DELAWARE corporation d/b/a WWW.MOEN.COM, | (Amount to Exceed $35,000) |
| Defendant. | |

## INTRODUCTION

In argument before the United States Supreme Court on January 10th, 2025, America's Solicitor General called social media app TikTok a ***"grave threat to our nation***." Justice Kavanaugh went further, saying "secret evidence provided by the government" showed that the Chinese government is likely using TikTok ***"to develop spies and blackmail people working in the FBI or the CIA or in the State Department.***" After a classified briefing, the Chairman of the House Committee on Homeland Security likened TikTok to a ***"spy balloon in your phone."***[1]

TikTok's ability to spy on Americans requires the active assistance of companies like Defendant, which created an online presence at **moen.com** (the "Website") and encourages consumers to use the website as an alternative to personal interaction. Defendant promises visitors that it will safeguard their personal information, assuring them that they are good stewards of consumers' personal information. *See* https://www.moen.com/privacy-policy (last accessed January 2025).

Defendant lied. In reality, the Website operates as a digital "trojan horse"[2] to help the Chinese government use TikTok to spy on visitors to the Website, track their journey across the web, eavesdrop on their conversations, and bombard them with targeted advertising. In words too plain to question, the California Legislature has made clear that this secret, invasive surveillance violates California law.

Plaintiffs visited Defendant's Website during the statute of limitations period. Defendant secretly de-anonymized Plaintiffs using electronic impulses generated from Plaintiffs' devices and helped TikTok track and eavesdrop on Plaintiffs' personal lives. Defendant violated and continues to violate California's Trap and Trace Law, codified at California Penal Code § 638.51.

## JURISDICTION AND VENUE

1.     As a Court of general jurisdiction, this Court has jurisdiction over all matters presented to it per the mandates of the California Constitution.

2.     Venue is proper in this County because some of the class members' claims arose in this county.

---

[1]   Zach Schonfeld, **TikTok Gets Frosty Reception At Supreme Court In Fight To Stave Off Ban**. https://thehill.com/regulation/court-battles/5079608-supreme-court-tik-tok-ban/ (January 10, 2025).
[2]   The National Institute of Standards and Technology defines a "trojan horse" as "A computer program that appears to have a useful function, but also has a hidden and potentially malicious function that evades security mechanisms." *See* https://csrc.nist.gov/glossary/term/trojan_horse (last accessed January 2025); Adonis Hoffman, **TikTok Is China's Trojan Horse**. https://thehill.com/opinion/technology/3694346-tiktok-is-chinas-trojan-horse/ (last accessed January 2025).

CLASS ACTION COMPLAINT

3.      Defendant is subject to jurisdiction under California's "long-arm" statute found at California Code of Civil Procedure Section 410.10 because the exercise of jurisdiction over Defendant is not "inconsistent with the Constitution of this state or the United States."

**PARTIES**

4.      Plaintiffs are resident and citizens of California.

5.      Defendant is an entity that sells plumbing fixtures and products to consumers throughout California.

**FACTUAL ALLEGATIONS**

**Defendant's Website and the Tik Tok Software Spies on Activists Like Plaintiffs.**

6.      Defendant operates the Website and has installed on the Website spyware created by TikTok – known as a "tracking pixel" – to identify and gather detailed information about website visitors (the "TikTok Software"). The TikTok Software acts via a process known as "fingerprinting." Put simply, the TikTok Software collects as much data as it can about an otherwise anonymous visitor to the Website and matches it with existing data TikTok has acquired and accumulated about hundreds of millions of Americans. The TikTok Software gathers device and browser information, geographic information, referral tracking, and url tracking by running code or "scripts" on the Website to send user details to TikTok.[3]

7.      The TikTok Software begins to collect information the moment a user lands on the Website before any pop-up or cookie banner advises users of the invasion or seeks their consent. The TikTok Software also requests, validates, and transmits other identifying information, including a website visitor's phone numbers and email addresses.[4]

8.      According to a leading marketing analytics firm, the TikTok Pixel works as follows:

> The TikTok Pixel is an HTML code snippet that tracks user actions, behavior, and conversions across your website. It's added to your site through your backend dashboard and uses data and cookies to track users and serve them relevant ads on TikTok based on how they interacted with your site.

---

[3] *See* https://ads.tiktok.com/business/en-US/blog/get-started-with-tiktok-pixel (describing TikTok pixel) (last accessed January 2025).
[4] *See* https://ads.tiktok.com/help/article/tiktok-pixel (identifying information gathered by TikTok tracking pixel) (last accessed January 2025).

CLASS ACTION COMPLAINT

1    The TikTok tracking pixel provides a better understanding of who your customers are
2    and how they navigate around your site. Plus, the data you get from TikTok conversion tracking
3    will ensure you're serving highly-targeted ad campaigns to the right people.

4    Using the TikTok Pixel can help you collect important information about the people who
5    buy from you. Here are some of the biggest benefits:

6    **Effectively track conversions:** Easily track sales from TikTok ads once the code is
7    implemented on your site (you can choose which conversions and events you want to track,
8    such as "add to cart", "newsletter signups", or "sales").

9    **Optimize ad campaigns:** The TikTok tracking pixel makes it easy to optimize your
10    campaigns by feeding the algorithm information about your customers and their on-site habits.

11    **Target custom audiences:** Advertise to users who already know who you are with the
12    custom audiences feature (you can create audiences based on visitors who took a specific action,
13    bought a product, or simply visited your site).

14    **Easy to set up with ongoing rewards:** The TikTok pixel is relatively easy to set up and
15    implement on your site. Once it's there, you have access to tons of data you can use to run
16    successful ad campaigns.'[5]

17    9.    According to a leading data security firm, the TikTok tracking pixel secretly installed on
18    Defendant's Website is particularly invasive.  The pixel "immediately links to data harvesting platforms
19    that pick off usernames and passwords, credit card and banking information and details about users'
20    personal health."  The pixel also collects "names, passwords and authentication codes" and "transfer the
21    data to locations around the globe, including China and Russia", and does so "before users have a chance
22    to accept cookies or otherwise grant consent."[6]

23    10.    By sharing Plaintiffs' and class members' personal and de-anonymized data with
24    TikTok, Defendant effectively "doxed" them to America's most formidable geopolitical adversary.[7]

---

[5]    *See* https://leadsbridge.com/blog/tiktok-pixel/ (last accessed January 2025).
[6]    *See Aaron Katersky*, **TikTok Has Your Data Even If You've Never Used The App: Report**, https://abcnews.go.com/Business/tiktok-data-app-report/story?id=97913249 (last accessed January 2025).
[7]    *See* https://www.techpolicy.press/transcript-us-supreme-court-oral-argument-on-tiktok (quoting U.S. Solicitor General's argument that "For years, the Chinese government has sought to build detailed profiles about Americans where we live and work, who our friends and coworkers are, what our interests are, and what our vices are. TikTok's immense data set would give the PRC a powerful tool for her harassment, recruitment, and espionage.").

11.     Plaintiffs are both (1) genuinely interested in the goods, services, and information available on Defendant's Website, and (2) a consumer privacy advocate who works as a "tester" to ensure that companies abide by the privacy obligations imposed by California law.  As the Ninth Circuit recently made exceptionally clear that it is "necessary and desirable for committed individuals to bring serial litigation" to enforce and advance consumer protection statutes, and that Courts must not make any impermissible credibility or standing inferences against them. *Langer v. Kiser*, 57 F.4th 1085, 1095 (9th Cir. 2023).  In other words, Plaintiffs are exactly the type of person who the Chinese Communist Party has used TikTok to spy upon in the past.

12.     An image of the invasive TikTok code secretly embedded on Defendant's Website can be seen here, which shows the website instantly sending communications to TikTok to add to its collection of user behavior:



The website instantly sends communications to TikTok when a user views the page and track page interactions. In the example below, the right side of the image shows the various TikTok scripts being run by Defendant, and the electronic impulses being sent to TikTok to add to their collection of user behavior:



**The TikTok Software is a Trap and Trace Device.**

13.    California law defines a "trap and trace device" as "a device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication."   California Penal Code § 638.50(c).

14.    The TikTok Software is a process to identify the source of electronic communication by capturing incoming electronic impulses and identifying dialing, routing, addressing, and signaling information generated by users, who are never informed that the website is collaborating with the Chinese government to obtain their phone number and other identifying information.  As such, it is a "trap and trace" device.  *See Rodriguez v. Autotrader.com, Inc.*, - F. Supp. 3d -, No. 2:24-cv-08735-RGK-JC, 2025 WL 65409, at *5 (C.D. Cal. Jan. 8, 2025) (Klausner, J.).

15.    The TikTok Software is "reasonably likely" to identify the source of incoming electronic impulses.  In fact, it is designed specifically for that purpose.

16.    Defendant did not obtain Plaintiffs' express or implied consent to be subjected to data sharing with TikTok for the purposes of fingerprinting and de-anonymization.

CLASS ACTION COMPLAINT

17.     CIPA imposes civil liability and statutory penalties for the installation of trap and trace software without a court order. California Penal Code § 637.2; *see Greenley v. Kochava*, 684 F. Supp. 3d 1024, 1050 (S.D. Cal. 2023).  No court order to install a trap and trace device via the TikTok Software was obtained by Defendant.

18.     Defendant did not obtain Plaintiffs' or class members' express or implied consent to be subjected to data sharing with TikTok for the purposes of fingerprinting and de-anonymization, nor did Defendant obtain a court order.

## CLASS ALLEGATIONS

19.     Plaintiffs bring this action individually and on behalf of all others similarly situated (the "Class") defined as follows:

**All California citizens who visited Defendant's Website while physically in California and whose personal information was shared with TikTok or other third parties by Defendant without effective and informed prior consent.**

20.     NUMEROSITY: Plaintiffs do not know the number of Class Members but believes the number to be at least fifty.  The exact identities of Class Members may be ascertained by the records maintained by Defendant.

21.     COMMONALITY: Common questions of fact and law exist as to all Class Members, and predominate over any questions affecting only individual members of the Class.  Such common legal and factual questions, which do not vary between Class Members, and which may be determined without reference to the individual circumstances of any Class Member, include but are not limited to the following:

      a.     Whether Defendant shared Class Members' personal information with TikTok or other third parties;

      b.     Whether Defendant obtain effective and informed consent to do so;

      c.     Whether Class Members are entitled to statutory penalties; and

      d.     Whether Class Members are entitled to injunctive relief.

22.     TYPICALITY: As a person who visited Defendant's Website and whose personal information was shared by Defendant, Plaintiffs are asserting claims that are typical of the Class.

23.     <u>ADEQUACY</u>: Plaintiffs will fairly and adequately protect the interests of the members of the Class. Plaintiffs have retained attorneys experienced in the class action litigation.  All individuals with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion would otherwise be improper are excluded.

24.     <u>SUPERIORITY</u>: A class action is superior to other available methods of adjudication because individual litigation of the claims of all Class Members is impracticable and inefficient.  It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

<u>**CAUSES OF ACTION**</u>

<u>**FIRST CAUSE OF ACTION**</u>

**Violations of the California Trap and Trace Law**

**Cal. Penal Code § 638.51**

25.     Plaintiffs incorporate by reference the foregoing paragraphs as if set forth hereinafter.

26.     California's Trap and Trace Law is part of the California Invasion of Privacy Act ("CIPA") codified at Cal. Penal Code 630 *et seq*.

27.     CIPA was enacted to curb "the invasion of privacy resulting from the continual and increasing use of" certain technologies determined to pose "a serious threat to the free exercise of personal liberties."   CIPA extends civil liability for various means of surveillance using technology, including the installation of a trap and trace device.

28.     A "trap and trace device" as "a device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication."   California Penal Code § 638.50(c).

29.     California Penal Code § 638.51 provides that "a person may not install or use…a trap and trace device without first obtaining a court order…" § 638.51(a).  No court order to install a trap and trace device via the TikTok Software was obtained by Defendant.

30.     Defendant uses a trap and trace process on its Website by deploying the TikTok Software on its Website, because the software is designed to capture the phone number, email, routing, addressing

- 8 -

and other signaling information of website visitors. As such, the TikTok Software is solely to identify the source of the incoming electronic and wire communications to the Website.

31.     Defendant did not obtain consent from Plaintiff and Class Members before using trap and trace technology to identify users of its Website, and has violated Section 638.51.

32.     CIPA imposes civil liability and statutory penalties for violations of § 638.51.

33.     Therefore, Plaintiffs and Class Members are entitled to the relief set forth below.

**PRAYER**

WHEREFORE, Plaintiffs pray for the following relief against Defendant:

1.     An order certifying the class and making all appropriate class management orders;

2.     Statutory damages pursuant to CIPA;

3.     Reasonable attorneys' fees and costs; and

4.     All other relief that would be just and proper as a matter of law or equity, as determined by the Court.


**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**


Dated:  February 25, 2025                    **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**



                                    By:  *Todd M. Friedman*
                                         _____
                                         Todd M. Friedman, Esq.
                                         Attorney for Plaintiff